UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERI POULSTON,

    Plaintiff,

v.                                Case No.:  2:20-cv-802-JLB-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant, the Commissioner of Social Security (the "Commissioner"), filed an Unopposed Motion for Entry of Judgment With Remand. (Doc. 23).

The Commissioner requests remand under sentence four of 42 U.S.C. § 405(g) for the following reasons:

> On remand, the Appeals Council will instruct the ALJ to (1) evaluate Plaintiff's allegations of migraines; (2) further consider Plaintiff's residual functional capacity; (3) obtain supplemental vocational expert evidence at a hearing, if necessary; and (4) issue a new decision.

(*See id.* at 1).

The Commissioner advises that Plaintiff's counsel does not object to the relief requested. (*Id.*).

Under sentence four, the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing." 42 U.S.C. § 405(g).  A remand under sentence four "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits."  *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The presiding United States District Judge enter an Order **GRANTING** the Unopposed Motion for Entry of Judgment With Remand (Doc. 23).

2. The decision of the Commissioner be **REVERSED** and this case be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative action and proceedings as follows:

> On remand, the Appeals Council will instruct the ALJ to (1) evaluate Plaintiff's allegations of migraines; (2) further consider Plaintiff's residual functional capacity; (3) obtain supplemental vocational expert evidence at a hearing, if necessary; and (4) issue a new decision.

(Doc. 23 at 1).

3. The Court:  (1) suspend application of Local Rule 7.01 in this action; (2) instruct Plaintiff that a motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount; and (3) instruct Plaintiff that if she prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4.   The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 28, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties