UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERI POULSTON,

    Plaintiff,

v.                                                       Case No.:  2:20-cv-802-JLB-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Before the Court is an Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b). (Doc. 35.)[1] Plaintiff's counsel (Bill Berke) seeks an award of attorney's fees under § 406(b) in the amount of $14,955.55, which represents the balance of attorney's fees withheld by the Social Security Administration from Plaintiff's past-due Social Security disability benefits.[2] (Doc. 28 at 1.) No response was filed and the time to do so expired, so the Court treats the matter as unopposed.[3] *See* Local Rule 3.01(c). For the reasons discussed below, the motion should be granted.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] While SSA advised Attorney Berke that it withheld $21,590.75 for attorney's fees, he only seeks $14,955.55. (Doc. 35 at 1-2). That is because Attorney Berke already received a payment of $6,635.20 under the Equal Access to Justice Act (EAJA). (Doc. 30.)

[3] The Commissioner "neither supports nor opposes the request for attorney fees." (Doc. 35 at 3.)

On October 13, 2021, the Court reversed and remanded this action to the Commissioner. (Doc. 26.) Months later, Plaintiff filed an Unopposed Application for Attorney's Fees under the Equal Access to Justice Act. (Doc. 21.) Shortly thereafter, the Court awarded Attorney Berke $6,635.20 in attorney's fees. (Doc. 30.)

Upon remand, Plaintiff was awarded $86,363.00 in past-due benefits. (Doc. 35-2 at 3.) Attorney Berke now seeks additional fees under § 406(b) from Plaintiff's past-due benefits pursuant to a contingent-fee agreement.

Title 42 U.S.C. § 406(b) allows the district court to award counsel for work performed in a successful social security lawsuit. However, the fees must be "reasonable" and cannot exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the

2

smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019). Alternatively, "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Attorney Berke has elected the latter approach here, which is acceptable.

To determine the reasonableness of the requested fees, the reviewing court engages in a three-step process. First, it looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht*, 535 U.S. at 808. Second, the court looks to see if the attorney delayed the case. And third, the court looks to see if the benefits are disproportionate to the amount of time counsel spent on the case. *Id.*

Here, the parties executed a "Social Security Retainer and Fee Agreement." (Doc. 35-3.) In it, Plaintiff agreed counsel may seek approval of 25% of all past due benefits due to her. (*Id.*) This agreement comports with § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. Thus, the Court finds the agreement is reasonable.

Second, the Court finds no evidence of delay. By all accounts, this case proceeded as normal. Finally, the time counsel spent on this case is not disproportionate to the fee award. In the Court's EAJA Order, (Docs. 29, 30),

3

it reviewed the number of hours expended in the case and the hourly rate and found both to be reasonable. (Doc. 29 at 4-5). In conjunction with the instant motion, the Court also reviewed: (1) the number of hours Attorney Berke expended and the hourly rates (Doc. 35-4); and (2) the Social Security Administration's Notice of Award (Doc. 35-2). After considering these documents, the Court finds the fees requested are reasonable. Thus, the Court determines an award of $14,955.55 is reasonable.

Accordingly, it is hereby **RECOMMENDED**:

Plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 28) be **GRANTED** and the Court award § 406(b) fees in the amount of $14,955.55. The clerk should be directed to enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on August 14, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

4

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.